UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
**www.flsb.uscourts.gov**

In re:

Claudia E Pallais

Case No. 16-16249-LMI

Chapter 7

______________________________/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

**COMES NOW**, Maria M. Yip, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Claudia E Pallais (the "Debtor"), moves the (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation") entered into by and between the Trustee and the Debtor. In support of the Motion, the Trustee states as follows:

**Background and Jurisdiction**

1. On April 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Maria M. Yip was appointed as Chapter 7 Trustee.

2. The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation, attached hereto as Exhibit "A".

3. The Stipulation provides for repurchase of certain of the Debtor's non-exempt assets, (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

**Legal Standard for Settlement**

6. Bankruptcy Rule 9019(a) provides: "On motion....and after a hearing on notice to creditors, the debtor.... and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.)(citing *Rivercity v. Herpel* (*in re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*) 762F.2d 185, 189 (2nd Cir. 1985); *In re Prudence Co.*, 98 F.2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (in re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

9. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a) The probability of success in litigation;
(b) The difficulties, if any, to be encountered in the matter of collection;
(c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d) The paramount interest of the creditors and a proper defense to their reasonable views in the premises.

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 12544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Jackson Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit “B”.

**WHEREFORE**, Maria M. Yip, as Chapter 7 Trustee of the Bankruptcy Estate of Claudia E Pallais and , respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served to all parties on the attached service list and was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on September 23, 2016:

Signed: /s/ Maria M. Yip, Trustee

Maria M. Yip, Trustee
2 S. Biscayne Blvd, Suite 2690
Miami, FL 33131
Telephone: 305-908-1862
Facsimile: 786-800-3903
trustee@yipcpa.com

abel Matrix for local noticing
.13C-1
ase 16-16249-LMI
outhern District of Florida
liami
ri Sep 23 11:47:15 EDT 2016

Cap One
Po Box 5253
Carol Stream, IL 60197-5253

Carmel Financial Cor
101 E Carmel Dr Ste 200
Carmel, IN 46032-2668

bna
o Box 6497
ioux Falls, SD 57117-6497

Central Loan Admin & R
425 Phillips Blvd
Ewing, NJ 08618-1430

Chase
P.O. Box 15298
Wilmington, DE 19850-5298

hase Card
o Box 15298
ilmington, DE 19850-5298

Connexus Cu
2600 Pine Ridge Bl
Wausau, WI 54401-7800

Medicredit, Inc
Po Box 1629
Maryland Heights, MO 63043-0629

lidland Funding
365 Northside Dr Ste 30
an Diego, CA 92108-2709

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Portfolio Recovery Ass
120 Corporate Blvd Ste 1
Norfolk, VA 23502-4962

p)PORTFOLIO RECOVERY ASSOCIATES LLC
O BOX 41067
ORFOLK VA 23541-1067

Portfolio Recovery Associates, LLC
c/o Federick J. Hanna & Associates, PC
7901 SW 6th Court
Suite 310
Plantation, FL 33324-3283

Portfolio Recovery Associates, LLC
c/o Pollack & Rosen, P.A.
806 Douglas Road
South Tower, Suite 200
Coral Gables, FL 33134-3157

pace Coast Credit Uni
045 N Wickham Rd
elbourne, FL 32940-7920

Syncb/Brandsmart
Po Box 965036
Orlando, FL 32896-5036

Syncb/Care Credit
Po Box 965036
Orlando, FL 32896-5036

yncb/Ikea
o Box 965005
rlando, FL 32896-5005

Syncb/Jcp
Po Box 965007
Orlando, FL 32896-5007

Claudia E Pallais
4045 SW 116th Avenue
Miami, FL 33165-4660

laria Yip
: S. Biscayne Blvd #2690
liami, FL 33131-1815

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

ortfolio Recovery Associates
iverside Commerce Center
.20 Corporate Blvd Ste 100
orfolk, VA 23502-4962

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(d)Midland Funding
2365 Northside Drive
Suite 30
San Diego, CA 92108-2709

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 22 |
| Bypassed recipients | 2 |
| Total | 24 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WWW.FLSB.USCOURTS.GOV

In re: : CASE NO.: 16-16249-LMI

CLAUDIA E. PALLAIS : CHAPTER 7

Debtor :
_______________________________________/

**STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS**

This Stipulation is entered into between Maria M. Yip ("the Trustee"), Claudia E. Pallais ("the Debtor"), on September 15, 2016.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 29, 2016;

WHEREAS, Maria M. Yip is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedules A and B, the Debtor listed the following items: 4045 SW 116 Ave, Miami, FL 33165, Household Goods, Clothing, Jewelry, Cash, Space Coast Credit Union Savings Account xxx8351-00 and the Space Coast Credit Union Checking Account xxx8351-90;

WHEREAS, the items listed above shall be referred to collectively henceforth as the "Property;"

WHEREAS, the Debtor has claimed a portion of the Property as exempt;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtor will pay the Trustee $4,000.00 as follows: $2,400.00 to be paid in eight (8) monthly payments of $300.00 starting on or before September 20, 2016 and ending on or before April 20, 2017 and a lump sum payment of $1,600.00 to be paid on or before April 20, 2017;

2. The payment(s) will be by cashier's check(s) or money order(s) made payable to the order of **Maria M. Yip, Trustee** and mailed to the Trustee's office at: **2 S. Biscayne Blvd, Suite 2690, Miami, FL 33131.** The cashier's check or money order should clearly state **the NAME of the Debtor and the CASE NUMBER.**

3. As part of this Settlement, the Debtor agrees that the deadline for the Trustee to object to claimed exemptions and discharge shall be extended until ten (10) days after the entry of any order approving this Stipulation is entered, and that the Trustee may file an agreed motion necessary to effectuate such extension.

4. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), is true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5. If the Debtor complies with all the terms of this Stipulation, they will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

6. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

7. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

8. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

9. This Stipulation resolves all issues between the Trustee and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

10. If the Debtor fails to timely make the payment described in paragraph 1, or fails to comply with the insurance provisions of paragraph 4, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge.

11. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any nonexempt assets of the Debtor for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at an annual rate of 5%, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the

Debtor's discharge will not be revoked without a hearing.

12. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

13. The Trustee has accepted this settlement subject to this Court's approval.

14. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

15. Time is of the essence as to all deadlines within this stipulation.

16. This agreement represents the full and complete understanding of the parties.

17. The Trustee believes that this agreement is in the best interest of the estate.

18. This agreement may be signed in counterparts.

19. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

09/16/16

CLAUDIA E. PALLAIS DATE
DEBTOR

9/16/16

ROBERT SANCHEZ, ESQ. DATE
DEBTOR'S ATTORNEY

9/16/16

MARIA M. YIP DATE
TRUSTEE

EXHIBIT "B"

PROPOSED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In Re:

Claudia E Pallais
AKA Claudia Elena Pallais, Claudia Pallais, Claudia Elena Tiffer, Claudia E Tiffer, Claudia Tiffer

Debtor(s) /

Case No. 16-16249-LMI

Chapter 7 Proceeding

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. # ___] (the "***Motion***"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the motion was served on all parties required by Local Rule 9013-

1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, and the Court, having reviewed the file, the Motion and record herein, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED:**

1. The Motion is GRANTED and the settlement APPROVED.

2. The Debtor will pay the Trustee $4,000.00 as follows: $2,400.00 to be paid in eight (8) monthly payments of $300.00 starting on or before September 20, 2016 and ending on or before April 20, 2017 and a lump sum payment of $1,600.00 to be paid on or before April 20, 2017;

3. The payment(s) will be by cashier's check(s) or money order(s) made payable to the order of **Maria M. Yip, Trustee** and mailed to the Trustee's office at: **2 S. Biscayne Blvd, Suite 2690, Miami, FL 33131**. The cashier's check or money order should clearly state **the NAME of the Debtor and the CASE NUMBER.**

4. As part of the Settlement, the Debtor agrees that the deadline for the Trustee to object to claimed exemptions and discharge shall be extended until ten (10) days after the entry of any order approving this Stipulation is entered, and that the Trustee may file an agreed motion necessary to effectuate such extension.

5. As part of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), is true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets,

the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. If the Debtor complies with all the terms of the Stipulation, they will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

7. If the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

8. If the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

9. If the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

10. The Stipulation resolves all issues between the Trustee and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtor fails to timely make the payment described in paragraph 1, or fails to comply with the insurance provisions of paragraph 4, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

12. The proceeds of $4,000.00 are allocated as follows:

- $2,544.00 (attributable to the Jewelry); and
- $1,456.00 (attributable to the 2015 Tax Refund).

13. The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.

14. The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.

###

**Submitted by:**
Maria M. Yip, Trustee
One Biscayne Tower
2 S. Biscayne Blvd, Suite 2690
Miami, FL 33131
Telephone: 305-908-1862
Facsimile: 786-800-3903
trustee@yipcpa.com

**Copies Furnished to:**
Maria M. Yip, Trustee

*Trustee Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*